UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SEAFOOD EXPORTERS ASSOCIATION OF INDIA,   ) ) ) ) |  |  |
| Plaintiff,  ) ) ) |  |  |
| v.  ) ) | Court No. | 25-00031 |
| UNITED STATES,  ) ) ) |  |  |
| Defendant.  ) ) |  |  |

## COMPLAINT

The Seafood Exporters Association of India ("SEAI"), by and through its counsel, hereby alleges and states as follows:

### JURISDICTION

1. Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i) to seek judicial review of the final affirmative injury determinations made by the United States International Trade Commission (the "Commission") under 19 U.S.C. §§ 1673d(b) and 1671d(b). This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c).

### STANDING

2. Plaintiff meets the definition of an "interested party" as defined in 19 U.S.C. § 1677(9)(A) because it is a trade association of which a majority of its members are producers or exporters of subject merchandise.

1

3.      Plaintiff fully participated in the underlying investigations giving rise to this action and has standing to commence this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.      Plaintiffs commenced this action by filing a Summons on January 24, 2025, which was within 30 days of the date the Department of Commerce ("Commerce") published the countervailing duty orders imposed pursuant to the contested final affirmative determination. *See Frozen Warmwater Shrimp from Ecuador, India, and the Socialist Republic of Vietnam: Countervailing Duty Orders*, 89 Fed, Reg, 104,982 (Dec. 26, 2024).  Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and Rules 3(a)(2) and 6(a) of this Court.

## STATEMENT OF FACTS

5.      On October 25, 2023, the American Shrimp Processors Association filed petitions with the Commission and Commerce, alleging that the U.S. industry was materially injured or threatened with material injury by reason of subsidized and dumped imports of frozen warmwater shrimp from Ecuador, India, Indonesia, and Vietnam ("subject imports").  The Commission then published its notice of institution of investigations.  *Frozen Warmwater Shrimp From Ecuador, India, Indonesia, and Vietnam; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 88 Fed. Reg. 74,511 (Oct. 31, 2023).

6.      On November 15, 2023, the Commission held its preliminary phase staff conference.  SEAI and the Ecuadorian Respondents submitted a joint post-conference brief on November 20, 2023.  As a part of this brief, SEAI and the Ecuadorian Respondents detailed the various adverse non-import conditions of competition impacting the domestic industry, including

that "the supply of raw shrimp that can be caught in the waters of the Gulf of Mexico and South Atlantic sea is finite," and that the domestic industry's reliance on this finite supply makes it "incapable of capturing" greater market share. *See* Ecuadorian Respondents and the Seafood Exps. Ass'n of India Post-Conference Br. (Nov. 20, 2023) at 2.

7. On December 14, 2023, the Commission published a notice of affirmative preliminary determinations, finding there was a reasonable indication that the U.S. industry was materially injured by reason of subject imports. *Frozen Warmwater Shrimp From Ecuador, India, Indonesia, and Vietnam*, 88 Fed. Reg. 86,677 (Dec. 14, 2023).

8. On January 26, 2024, the Commission provided draft final phase questionnaires and solicited comments from interested parties. *See* Letter from Nannette Christ, Director, United States International Trade Commission (Jan. 26, 2024).

9. SEAI filed comments on the draft questionnaires on March 4, 2024. *See* SEAI's Comments on Draft Final Phase Questionnaires (Mar. 4, 2024). In these comments, SEAI urged the Commission to gather more detailed data on value-added peeled and cooked products, which would have provided the necessary details to evaluate the attenuated competition between cooked and uncooked products and identify frozen cooked shrimp as a separate like product. *Id*. at 2-7.

10. Interested parties including SEAI filed Prehearing Briefs on October 15, 2024. SEAI's Prehearing Brief explained in detail that competition between domestic and imported shrimp is extremely limited due to various factors including varying product mix, geographic distribution, and the U.S. industry's unique supply constraints. *See* SEAI's Prehearing Br. at 19-32. To further support these arguments, SEAI provided economic analysis demonstrating that the domestic industry's shrimp supply is fixed, and that subject import quantities have no

3

statistically significant relationship to U.S. supply as measured by domestic shrimp landings (i.e., the amount of shrimp U.S. fishermen catch).

11. In its brief, SEAI also explained that subject imports of cooked shrimp are a separate like product requiring a separate injury analysis. Given record evidence demonstrating the lack of interchangeability between cooked and uncooked products and the domestic industry's extremely limited capability to produce cooked products, SEAI argued cooked shrimp products pose no material harm or threat of harm to the domestic industry and should be excluded from the Commission's injury findings. *Id*. at 2-19.

12. The Commission held a hearing on October 22, 2024, after which interested parties including SEAI filed Posthearing Briefs, including answers to Commission questions, on October 29, 2024.

13. On November 14, 2024, interested parties including SEAI filed Final Comments. In its Final Comments, SEAI provided an assessment of data the Ad Hoc Shrimp Trade Action Committee placed on the record showing historical patterns of catch per unit effort, which is one measure of shrimp supply availability. As SEAI explained, this data further showed that domestic shrimp processors are constrained by a limited supply of shrimp. *See* SEAI's Final Comments at 3-6.

14. On December 17, 2024, the Commission published a notice of affirmative determinations that the domestic industry was materially injured by reason of subject imports. *Frozen Warmwater Shrimp From Ecuador, India, Indonesia, and Vietnam*, 89 Fed. Reg. 102,163 (Dec. 17, 2024). The Commission's written views and final staff report were published in

December 2024. *See Frozen Warmwater Shrimp from Ecuador, India, Indonesia, and Vietnam*, Inv. Nos. 701-TA-699-700 and 702 and 731-TA-1660, USITC Pub. 5566 (Dec. 2024) (Final).

15. In making its final affirmative determination, the Commission found that uncooked and cooked frozen shrimp products "share basic physical characteristics and the same end use, for meal preparation" as well as "some overlap in terms of manufacturing facilities and production processes, channels of distribution, and producer and customer perceptions." USITC Pub. 5566 at 19-22. The Commission determined not to define frozen cooked shrimp as a separate like product and thus did not separately investigate whether cooked shrimp products were causing injury to the domestic industry. *Id*.

16. The Commission was also unpersuaded by SEAI's argument and supporting economic analysis demonstrating that the conditions of competition, including supply constraints, fundamentally limit U.S. processors' ability to increase production and/or supply U.S. demand. The Commission found that the domestic industry supply constraints were "irrelevant" and that "there is no information in the record that this undefined limit constrained supplies of domestically produced warmwater shrimp during the period and prevented the domestic industry from increasing production." *Id*. at 78. The Commission did not address SEAI's assessment of the catch per unit effort data on the record.

## STATEMENT OF CLAIMS

17. Paragraphs 1 through 16 of this Complaint are incorporated herein by reference.

18. The Commission's final affirmative determination is not supported by substantial evidence or otherwise in accordance with law under 19 U.S.C. § 1516a(b)(1)(B)(i) in the following respects:

## COUNT I

19. Paragraphs 1 through 18 of this Complaint are incorporated herein by reference.

20. By statute, to support an affirmative finding, the Commission must find that the domestic industry has suffered or is threatened by "material injury" by reason of subject imports, defined as "harm which is not inconsequential, immaterial, or unimportant." 19 U.S.C. § 1677(7)(A). As a part of this exercise, the Commission must identify a sufficient causal link between the material injury and subject imports. *See Nippon Steel Corp. v. U.S. Int'l Trade Comm'n*, 345 F.3d 1379, 1384 (Fed. Cir. 2003). In doing so, the Commission must ensure that subject imports are more than a minimal or tangential cause of injury and that there is a sufficient causal, *not merely a temporal*, nexus between subject imports and material injury. *Id. See also Gerald Metals, Inc. v. United States*, 132 F.3d 716, 721-22 (Fed. Cir. 1997). In other words, the Commission must find any material injury or threat of material injury to be attributable to subject imports.

21. The Commission must also assess key threat indicators, including "volume and market share data in the context of conditions of competition." *Nippon Steel Corp. v. United States*, 182 F. Supp. 2d 1330, 1335 (Ct. Int'l Trade 2001).

22. During the proceedings, SEAI provided substantial factual evidence demonstrating that the domestic industry's inability to supply any significant portion of U.S. demand as measured by U.S. apparent consumption is due to a finite amount of supply of shrimp available to fish, as measured by domestic landings. *See* SEAI's Prehearing Br. at 23-26 and accompanying ION Economic Analysis Appendix. Record evidence also demonstrated that competition between imported farm-raised shrimp and wild-caught domestic shrimp is highly attenuated due to significant product differentiation and varying geographic distribution. *Id.* at

26-32. Any material injury to the domestic industry can be primarily attributed to these key conditions of competition, not subject imports.

23. The Commission's conclusion that the domestic industry was materially injured by reason of subject imports, and not due in large part to conditions of competition unrelated to imports did not adequately consider significant evidence showing non-import factors were the cause of any injury to the domestic industry. The Commission's analysis was thus not supported by substantial evidence and otherwise not in accordance with law.

## COUNT II

24. Paragraphs 1 through 23 of this Complaint are incorporated herein by reference.

25. As a part of the Commission's injury analysis, the Commission must define the "domestic like product" corresponding to the merchandise under investigation. 19 U.S.C. § 1677(10). In determining the appropriate domestic like product, the Commission applies the statutory standard of "like" or "most similar in characteristics and uses" based on the particular circumstance of each case. 19 U.S.C. § 1677(10).

26. The Commission traditionally considers the following six factors when analyzing whether certain products are "like": (1) physical characteristics and uses; (2) interchangeability; (3) channels of distribution; (4) market perceptions of the products; (5) common manufacturing facilities, production processes, and production employees; and, where appropriate, (6) price. *Cleo Inc. v. United States*, 501 F.3d 1291, 1299 (Fed. Cir. 2007).

27. SEAI provided ample analysis and factual evidence on the record of the underlying proceeding to show that applying these factors, cooked frozen shrimp products must be considered a separate like product distinct from uncooked frozen shrimp products. SEAI's Prehearing Br. at 2-12.

28. The Commission's conclusion that cooked frozen shrimp is not a separate like product did not afford adequate consideration to contrary record evidence and analysis. The Commission's determination was thus not supported by substantial evidence and otherwise not in accordance with law.

### REQUEST FOR RELIEF

For the foregoing reasons, SEAI respectfully requests that this Court (1) hold that the Commission's determinations in the subject investigations are unsupported by substantial evidence and otherwise not in accordance with law; (2) remand the investigations to the Commission for disposition consistent with any orders and opinions of this Court; and (3) provide such other relief as this Court deems proper.

Respectfully submitted,

/s/ Henry D. Almond
Henry D. Almond
J. David Park
Lynn Fischer Fox
Kang Woo Lee
Gina M. Colarusso
Archana Rao P. Vasa

*Counsel to the Seafood Exporters Ass'n of India Plaintiff*

ARNOLD & PORTER KAYE SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
FAX: (202) 942-5999

**Dated: February 24, 2025**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
*Seafood Exporters Association of India v. United States*
**Court No. 25-00031**

**CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I, Henry D. Almond, hereby certify that on February 24, 2025, I caused the foregoing Complaint to be served by certified mail, return receipt requested, and notified all interested parties who were a party to the proceeding below as follows:

**On behalf of American Shrimp Processors Association:**
Roger B. Schagrin, Esq.
Schagrin Associates
900 Seventh Street, NW, Suite 500
Washington, D.C. 20001
rschagrin@schagrinassociates.com

**On behalf of Shrimp Committee of the Vietnam Association of Seafood Exporters and Producers**:
Matthew Nicely, Esq.
Akin Gump Strauss Hauer & Feld, LLP
2001 K Street, NW
Washington, DC 20006
mnicely@akingump.com

**On behalf of PT. First Marine Seafoods**:
Mattthew J. McConkey, Esq.
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
mmcconkey@mayerbrown.com
tradeservice@mayerbrown.com

**On behalf of Ad Hoc Shrimp Trade Action Committee**:
Nathaniel Maandig Rickard, Esq.
Picard Kentz & Rowe LLP
1750 K Street, NW, Suite 800
Washington, DC 20006
nrickard@pkrllp.com

**On behalf of U.S. Shrimpers Coalition**:
Jennifer M. Smith-Veluz Esq.
The Bristol Group PLLC
1707 L Street, NW, Suite 570
Washington, DC 20036
jennifer.smith@bristolgrouplaw.com

**On behalf of Industrial Pesquera Santa Priscila S.A; Sociedad Nacional de Galápagos C.A.**:
Warren E. Connelly Esq.
Trade Pacific PLLC
700 Pennsylvania Ave., Suite 500
Washington, DC 20003
wconnelly@tradepacificlaw.com

**On behalf of Indonesian Fishery Producers Processing and Marketing Association**
Lizbeth Levison
Fox Rothschild, LLP
2020 K Street, NW, Suite 500
Washington, DC 20006
LLevinson@foxrothschild.com

**On behalf of the Government of Vietnam**
Trinh Anh Tuan
25 Ngo Quyen
10000 Hanoi, Vietnam
huongttl@moit.gov.vn
Lanhuoung1290@gmail.com

|     2/24/2025     | /s/ Henry D. Almond |
| Date | Henry D. Almond |
| | Arnold & Porter Kaye Scholer LLP |