# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: THE HONORABLE M. MILLER BAKER

| | |
|---|---|
| SEAFOOD EXPORTERS ASSOCIATION OF INDIA,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>*Defendant-Intervenors.* | Court No. 25-00031-MMB |

## DEFENDANT'S CONSENT MOTION FOR CLARIFICATION OF THE COURT'S MARCH 21, 2025 ORDER

Pursuant to Court of International Trade Rule 7(b), defendant, the United States, by and through the United States International Trade Commission ("Commission"), respectfully requests clarification of this Court's March 21, 2025 Order (ECF 17).

In the March 21, 2025 Order, the Court directed that "in filing the public version of the determination and the facts and conclusions of law on which such determination was based, the Commission shall not redact information (1) submitted in connection with the proceeding that was not designated as proprietary by the person submitting it, or that was designated as proprietary by such person but is known by the agency to be available from public sources or is otherwise ineligible for redaction… Counsel filing the administrative record must certify that all redactions in the public version filed on the court's docket comply with this order."[1]

The Commission's statutory obligations require that it "identify and transmit under seal to the clerk of the court any document, comment, or other information that was obtained on a confidential basis," and that "[t]he confidential or privileged status of such material shall be preserved" in such transmission. 28 U.S.C. § 2635(d)(2). *See also* 19 U.S.C. § 1516a(b)(2)(B) ("The confidential or privileged status accorded to any documents, comments, or information shall be

---

[1] ECF 17 at 1-2 (quotations and citations omitted).

preserved in any action under this section.").[2] Therefore, in accordance with the statute, the Commission is seeking clarification that, when it submits certain record documents pursuant to CIT Rule 73.2(b), it may submit the public versions of the Commission's Views and Staff Report containing the same redactions of confidential information as contained in those documents when they were finalized by the Commission in its investigations.

In this regard, we note that, during the investigation, Commission staff carefully reviewed the information submitted during the investigation and strove to treat as business proprietary only information that met its statutory, regulatory, and practice requirements. That said, Commission staff has given much thought to how best to address the Court's concerns about "improper redaction of the public administrative record filed on its docket—which in turn generates excessive redactions in the parties' briefing." To that end, we have consulted with counsel for all of the parties in this case, as well as counsel for all the parties in the three other cases pending before this

---

[2] This Court specifically noted this statutory provision in its decision in *California Steel Industries, Inc. v. United States,* Slip Op. 24-138 (Ct. Int'l Trade Dec. 13, 2024) (Baker, J.) at 2-3 n.4.

Court arising from the Commission's final affirmative determinations in the frozen warmwater shrimp investigations, on how best to address the Court's concerns as these cases proceed, taking into account the specific considerations necessitating treatment of redacted information in the Commission's Views and Staff Report as confidential in the first place. Following that consultation, on April 23, 2025, Henry Almond, counsel for plaintiff, Elizabeth Drake, counsel for defendant-intervenor American Shrimp Processors Association, and Zachary Walker, counsel for defendant-intervenor Ad Hoc Shrimp Trade Action Committee, advised by email that they consent to this request.

In furtherance of these aims, the parties jointly propose the following procedures. In preparing their briefs, the parties (including the Commission) agree that they will endeavor to present their arguments to the maximum extent publicly, without redactions to the extent feasible, and will endeavor to ensure that the information they redact from the public version of their briefs is in fact confidential and not publicly available in the record. Similarly, after briefs have been filed, the parties will consider (and where appropriate, consult on) whether information in those filed briefs that has been redacted could

in fact be unredacted and made public, so that the Court and the public will have access to that information publicly. This procedure will enable Commission staff to focus its resources on reviewing confidentiality of the information that is most pertinent to this appeal.

In light of the Commission's statutory obligation to preserve the confidential status of the documents and information from its investigations in its submission of the administrative record, and the efforts by the Commission and the other parties to this litigation to address the concerns expressed by the Court in its March 21, 2025 Order, we respectfully request that the Court clarify that the Order permits the Commission to file the administrative record documents in the form that they exist in the closed record. At the same time, the attached proposed order also sets out the commitment of the parties to review any briefs filed in this case to meet the Court's goal of avoiding any unnecessary redactions of information.[3]

---

[3] Should the Court deny our motion for clarification of the March 21, 2025 Order, we request that the Court grant an additional thirty (30) days for the Commission to file the documents required under Rule 73.2(b), extending the current deadline of April 30, 2025 to May 30, 2025.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our consent motion for clarification of the Court's March 21, 2025 Order.

        Respectfully submitted,

        /s/ *Andrea C. Casson*
        Andrea C. Casson
        Assistant General Counsel for Litigation
        Telephone: (202) 205-3105
        andrea.casson@usitc.gov

        /s/ *John D. Henderson*
        John D. Henderson
        Attorney-Advisor
        Telephone: (202) 205-2130
        john.henderson@usitc.gov

        /s/ *Ravi D. Soopramanien*
        Ravi D. Soopramanien
        Attorney-Advisor
        Office of the General Counsel
        U.S. International Trade Commission
        500 E Street, SW
        Washington, DC 20436
        Telephone: (202) 205-3492
        Facsimile: (202) 205-3111
        ravi.soopramanien@usitc.gov

Date: April 24, 2025