## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| INDUSTRIAL PRESQUERA SANTA PRISCILA S.A. and SOCIEDAD NACIONAL DE GALAPAGOS C.A., <br>  *Plaintiffs*, <br> v. <br> UNITED STATES, <br>  *Defendant*, <br> and <br> AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br>  *Defendant-Intervenors*. | Ct. No. 25-00029-MMB |
| SEAFOOD EXPORTERS ASSOCIATION OF INDIA, <br>  *Plaintiff*, <br> v. <br> UNITED STATES, <br>  *Defendant*, <br> and <br> AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br>  *Defendant-Intervenors*. | Ct. No. 25-00031-MMB |

| |  |
|---|---|
| SHRIMP COMMITTEE OF THE VIETNAM ASSOCIATION OF SEAFOOD EXPORTERS AND PRODUCERS,<br>     *Plaintiff,*<br>v.<br>UNITED STATES,<br>     *Defendant,*<br>and<br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PRODUCERS ASSOCIATION,<br>     *Defendant-Intervenors.* | Ct. No. 25-00032-MMB |

## ORDER

1.　On June 5, 2025, the court entered a scheduling order in these three cases.[1] *See* Case 25-29, ECF 33; Case 25-31, ECF 31; Case 25-32, ECF 35. The order consolidated the cases "for scheduling and in part for briefing." ¶ 1. It further stated that, "[a]s set forth below, to avoid duplicative briefing the court *requires the parties to file joint briefs* where their interests are aligned and the issues are the same." *Id.* (emphasis added).

2.　The sentence quoted above was followed by a briefing schedule setting a deadline and structure for Defendant-Intervenors' submissions. In Cases 25-29 and 25-31, they were to "[f]ile *joint response briefs* on their respective

---

[1] A fourth case also covered by the order was later dismissed by the plaintiff. *See* Case 25-35, ECF 35.

2

dockets" of no more than 5,000 words by December 8, 2025. *Id.* (emphasis added). In Cases 25-32 and 25-35, they were to "[f]ile [a] *joint response brief* on both dockets" of no more than 7,000 words by the same date.[2] *Id.* (emphasis added).

3.   The same two parties—the Ad Hoc Shrimp Trade Action Committee and the American Shrimp Processors Association—are defendant-intervenors in all three cases (and they had the same status in the dismissed matter). Although represented by separate counsel, their interests are, by definition, aligned—they wish to respond to the same arguments of the respective Plaintiffs and seek judgments sustaining the agency decisions.

4.   The scheduling order therefore required Defendant-Intervenors to file a joint brief in Case 25-29, another joint brief in 25-31, and a third joint brief in Case 25-32. *Cf.* Circuit Advisory Committee Note to 9th Cir. R. 32-2 (noting that joint briefing "avoid[s] burdening the Court with repetitive presentations of common facts and issues"). But Defendant-Intervenors did not do this. Instead, they filed separate briefs in each action.

5.   Counsel having ignored the plain terms of the scheduling order, the court (reluctantly) strikes Defendant-Intervenors' briefing in all three cases.

---

[2] The subsequent dismissal of Case 25-35 effectively meant that the defendant-intervenors were to file a joint response brief in Case 25-32 of up to 7,000 words.

6.      The court vacates the remaining deadlines in the scheduling order.

7.      Within 30 days of this order, Defendant-Intervenors shall file joint briefs in each action that comply with the word limits prescribed in the scheduling order.

8.      Also within 30 days, the parties shall confer and shall file a proposed amended scheduling order proposing new due dates for the remaining actions prescribed in the original scheduling order.

Dated:    December 10, 2025                 /s/ *M. Miller Baker*
             New York, New York            M. Miller Baker, Judge